Johnson, J.
The mortgage to Robert Barry though first entered for record, having but one witness, was defectively executed, and did not, as against a subsequently valid mortgage entered for record, vest any interest, either legal or equitable, in the mortgagee. White v. Denman, 16 Ohio, 59 ; Same ease, 1 Ohio St. 110 ; Van Thornily v. Peters, 26 Ohio St. 471; Bloom v. Noggle, 4 Ohio St. 45.
It follows, therefore, that the mortgage to John M. Barry, which was executed December 28th, and entered for record December 30th, is paramount to that of Robert Barry, unless the proceedings instituted by him December 21, 1872, to reform and correct his mortgage, which subsequently ripened into a decree to that effect, restores him to that priority to which he would have been entitled if his mortgage had not been defective.
The court below held that the proceedings by Robert to-correct his mortgage were lis pendens by the service made December 26, 1872, as amended at the June term, 1873, so as to charge John M. Barry with notice of its pendency.
By the terms of the statute John M. Barry’s mortgage-took effect December 30th.
At that date the petition had been filed, and summons-. issued and returned to the clerk’s office, showing that it had been served in the proper manner by one John II. Camden, but showing no authority in him to make such service. The summons was directed to the sheriff, but it had no appointment indorsed on it which would authorize Camden to serve it.
The 61st sectiou of the code provides that the writ “ may also be served by any person, not a party to the action, appointed by the officer to whom it is directed. The authority of such person shall be indorsed on the writ.” In such case the return must be verified. It appears from the amended return made after final judgment by the sheriff, that he did *348 verbally, as we suppose, appoint Camden to serve this writ, and delivered to him two copies thereof with indorsements thereon, duly certified, and that these copies were served by Camden as stated in his original return.
This presents the question, whether a service, made by a private person, under a verbal appointment, or one not indorsed on the writ, is such service as to make the case a pending action as to third persons, and if not, whether the amended return cures the defective service. The code, -section 78, provides that: “When the summons has been served, or publication made, the action is pending so as to -charge third persons with notice of its pendency, and while pending, no interest can be acquired by third persons in the subject-matter thereof as against the plaintiff’s title.” In this case the plaintiff’s title was an equitable one. If his action was pending, by virtue of the service made by Camden on the 26th of December, then there is no error in this judgment, otherwise there is, unless the amended return cures the defect.
That this service was so defective as to warrant the court 'in setting it aside for want of authority to make it, or upon error, to reverse a judgment, by default, founded thereon, is, we think, clear.
The code permits an officer, to whom a summons is directed, to appoint any person not a party to serve it, but the authority to do so “ shall be indorsed on said writ.” This is imperative language, and admits of no doubtful meaning.
Whether this service, as between the parties, may be ■amended after judgment under section 137 of the code, so as to make such judgment binding on the mortgagors, we need not now inquire.
However this may be, we think it clear that such an .amendment as this, made wholly exparte, after final judgment, and at a subsequent term of the court, without any action or proceeding for that purpose, in which the parties interested had an opportunity of being heard, and upon the *349 motion of the sheriff, can have no binding effect upon a. subsequent mortgagee.
The 137th section of the code permits amendments of process either before or after judgment in furtherance of justice.
Where such an amendment interferes with other rights-that have attached, they can only be made subject to those-rights.
Robert Barry’s mortgage being defective, it created no-lien as against a subsequent valid mortgage, duly recorded.
The service of the summons being defective for want of authority indorsed on the writ to make it, there was no pending action, because no sufficient service at the time the-moi’tgage to John M. Barry was entered for record.
In The O. L. Ins. § Trust Co. v. Urbana Ins. Co., 13 Ohio, 220, it was held that a sheriff could not amend his return on an execution as to the description of the property-levied upon, so as to prejudice other liens intervening between the time of levy and the date of the amendment.
In that case it is said : “It would be a bad precedent in judicial proceedings to permit one, not a party to a suit,, wdthout a day in court, to be deprived of an important right by the decision of any motion whatever.”
We do not determine the power of the court to allow the-sheriff to make this amended return, nor its effect, as between the parties to the decree.
The whole matter appearing of record, the original return and the subsequent amendment, we must decide upon its legal effect as to other lienholders. We are satisfied that the priority acquired by the mortgage of John M.. Barry is not impaired by this amendment. Putnam v. Hall, 3 Pick. 445; Emerson v. Upton, 9 Pick. 167; Patterson v. Steamboat Gulnare, 2 Disney, 505.
This principle is clearly recognized in Clark v. Schuyler, 16 Ohio, 318, where it was held that a bill in equity to-subject an equitable interest in land to pay debts, which was defective in not showing the recovery of a judgment, and that there was not property sufficient to satisfy the- *350 •same, is not a pending action, that will prevent an assignment of such equity to a third person during the pendency •of the suit.
For these reasons the judgment of the court of common pleas, and the district court, in so far as it adjudged that the mortgage lien of Robert Barry was prior to that of John M. Barry, is reversed, and judgment will be entered modifying such judgment accordingly.